IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY GORE,

        Plaintiff,

   v.

NAPA STATE HOSPITAL, ROBERT HOREL, Warden,

        Defendants.
                                 /

No. C 12-2196 CW (PR)

ORDER OF PARTIAL DISMISSAL AND TRANSFER; TERMINATING PENDING MOTIONS

    Plaintiff, a state prisoner incarcerated at California State Prison - Sacramento in Represa (CSP-Sacramento), has filed this pro se civil rights action under 42 U.S.C. § 1983, seeking damages and injunctive relief for alleged constitutional violations that resulted in his criminal conviction.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    Plaintiff alleges that in 2002 he was accused of killing his roommate at Napa State Hospital, and that his rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated when doctors at the hospital allowed police detectives to question him for two hours, even though he had been declared insane. He seeks monetary

damages of $20,000 for pain and suffering, and to be returned to the hospital because he still is insane. Compl. at 2. As Defendants, he names Napa State Hospital and Robert Horel, the warden at CSP-Sacramento.

In reviewing Plaintiff's complaint, the Court takes judicial notice of a petition for a writ of habeas corpus that Plaintiff filed in this court in 2008. See Gore v. Horel, C 08-4365 CW (PR). The petition challenged the validity of Plaintiff's 2005 conviction for first-degree murder, which resulted from the incident described above. On August 15, 2011, this Court denied the petition on the merits, and, on January 11, 2012, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. Docket nos. 15, 20. The mandate was spread on February 14, 2012. Docket no. 21.

In the present case, Plaintiff's claim for damages is not cognizable because the relief he seeks is barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court, addressing a claim for damages brought under 42 U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a § 1983 plaintiff must prove that the conviction or sentence has been invalidated previously. Id. at 486-87.

Here, Plaintiff seeks damages for actions that allegedly resulted in his unlawful conviction. Under Heck, however, no cause of action for damages has yet accrued, and any such claims are barred until Plaintiff's conviction has been invalidated. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred

2

plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (<u>Heck</u> barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>Heck</u> barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Accordingly, Plaintiff's damages claim is DISMISSED without prejudice.

Additionally, with respect to Plaintiff's claim for injunctive relief, i.e., that he be transferred from CSP-Sacramento to a psychiatric hospital, the Northern District is not the proper venue for this claim. 28 U.S.C. § 1391(b). Plaintiff's transfer request must be directed to Defendant Horel or other prison officials at CSP-Sacramento. Because CSP-Sacramento is located in Sacramento County, venue is proper in the United States District Court for the Eastern District of California, not in the Northern District. <u>See</u> 28 U.S.C. § 84(b).

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of California.

The Clerk of the Court shall terminate all pending motions on the Court's docket, and transfer the case forthwith.

IT IS SO ORDERED.

Dated: 5/23/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE